IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS NEWTON COPELAND; CERILENE TACDERAN COPELAND; AND KALEIMAEOLE NOLA LINDSEY LATRONIC,<br><br>             Plaintiffs,<br><br>     vs.<br><br>PNC BANK, N.A., A NATIONAL BANKING ASSOCIATION; DAVID SHISHIKIN; ANNA V. SHISHIKIN; VYACHESLAV TKACH; ALLA TKACH; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CALIBER HOME LOANS, INC., MAY M. LEE, INDIVIDUALLY AND AS TRUSTEE OF THE MAY MING-WAH LEE REVOCABLE LIVING TRUST DATED MAY 2, 2002, AND DOE DEFENDANTS 1-50,<br><br>             Defendants. | CIVIL NO. 19-00029 JAO-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ORDER OF REMAND |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR ORDER OF REMAND[1]

Before the Court is Plaintiffs' Motion for Order of Remand, filed February 16, 2019 ("Motion"). ECF No. 7. Plaintiffs assert that removal of this action from state court was inappropriate because Defendants David Shishikin, Anna V. Shishikin, Vyacheslav Tkach, Alla Tkach, and May M. Lee,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

(collectively the "Individual Defendants") are non-diverse defendants. Defendant PNC Bank, N.A. ("PNC") filed an Opposition to the Motion on March 25, 2019, asserting that the Individual Defendants along with Defendants Caliber Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") were fraudulently joined. ECF No. 19. Plaintiffs filed their Reply on April 8, 2019. ECF No. 20. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 9. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was properly removed and RECOMMENDS that the district court DENY Plaintiffs' Motion.

## BACKGROUND

The Court recites only those background facts necessary for disposition of the current Motion. The Copeland Plaintiffs obtained a mortgage from Defendant PNC's predecessor, secured by a property located in Hawaii. ECF No. 1-2 ¶¶ 27-29. Plaintiff Latronic obtained a mortgage from National City Mortgage Co. dba Accubanc Mortgage, secured by a property located in Hawaii. Id. ¶¶ 30-31. Defendant PNC acted as the servicer for Plaintiff Latronic's mortgage. Id. ¶ 33. Defendant PNC commenced non-judicial foreclosure proceedings against the two properties

pursuant to the power of sale provision in the mortgage agreements at issue.  Id. ¶ 34.  For purposes of this Motion, the Court refers to the two properties at issue based on the Plaintiffs that are associated with each property: the Copeland Property and the Latronic Property.  Following the non-judicial foreclosure, the Copeland Property was transferred from Defendant PNC to itself by quitclaim deed and then transferred to Carolyn Lousie Merrill by limited warranty deed.  Id. ¶¶ 77.  Approximately five years later, the Copeland Property was then transferred from Carolyn Louise Merrill to Defendant David Shishikin, Anaa V. Shishikin, Vyacheslav Tkach, and Alla Tkach. Id.; ECF No. 7-13.  Defendants David Shishikin, Anaa V. Shishikin, Vyacheslav Tkach, and Alla Tkach have a mortgage on the Copeland Property with Defendant MERS as nominee for Defendant Homestreet Bank.  ECF No. 1-2 ¶ 88.  The Latronic property was transferred from the mortgagee to its nominee by quitclaim deed and then transferred to Defendant May M. Lee by limited warranty deed.  Id. ¶ 96.  The Latronic Property was then transferred by warranty deed to Defendant Lee as Trustee of the May Ming-Wah Lee Revocable Living Trust Dated May 2, 2002.  Id.

 Plaintiffs' Complaint asserts two claims against Defendant PNC:  violations of state law governing non-judicial residential foreclosures (Count I); and violations of Hawaii Revised Statutes Chapter 480 for unfair and deceptive trade

3

practices related to the non-judicial foreclosures (Count II). ECF No. 1-2. Plaintiffs also assert a claim for quiet title and ejectment against the Individual Defendants and Defendants Homestreet Bank and MERS (Count III). Id.

Defendant PNC removed this action on January 18, 2019. ECF No. 1. In the present Motion, Plaintiffs argue that remand is appropriate because the Court lacks subject matter jurisdiction. Specifically, Plaintiffs contend that complete diversity is lacking because Plaintiffs and the Individual Defendants are citizens of the same states. Defendant PNC argues that the Individual Defendants, Defendant Caliber Home Loans, Inc., and Defendant MERS were fraudulently joined as sham defendants to defeat jurisdiction and, therefore, jurisdiction is proper in federal court.

## DISCUSSION

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The defendant who invokes the federal court's

4

removal jurisdiction has the burden of establishing that removal was proper. <u>Washington v. Chimei Innolux Corp.</u>, 659 F.3d 842, 847 (9th Cir. 2011).

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, the parties do not dispute that there is not complete diversity between Plaintiffs and the Individual Defendants.

One exception to the requirement of complete diversity "is where a non-diverse defendant has been 'fraudulently joined.'" <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting <u>Morris</u>, 236 F.3d at 1067). Fraudulent joinder is a "term of art." <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is fraudulently joined if the plaintiff fails to state a claim against that defendant and if "the failure is obvious according to settled law of the state." <u>Id.</u> "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." <u>Hunter</u>, 582 F.3d at 1043. There is a "general presumption against fraudulent joinder," which must be proven by

5

"clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  The defendant asserting fraudulent joinder bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder.  Hunter, 582 F.3d at 1046.

To determine whether the other Defendants were fraudulently joined, Defendant PNC must show that Plaintiffs' failure to state a claim against those Defendants is "obvious" under "settled" Hawaii law.  See McCabe, 811 F.2d at 1339 (joinder is fraudulent if plaintiff's failure to state a claim against the non-diverse defendant is "obvious according to the settled rules of the state"); Morris, 236 F.3d at 1068 (finding that plaintiff's failure to state a claim against non-diverse defendants was "obvious according to settled law"); Hunter, 582 F.3d at 1048 (holding that plaintiff's complaint "does not indicate that she has obviously failed to state a claim against [the non-diverse defendant]").  Defendant PNC must show "that there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court."  Coastal Constr. Co. v. N. Am. Specialty Ins. Co., Civ. No. 10-00206 DAE-BMK, 2010 WL 2816694, at *4 (D. Haw. July 14, 2010) (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)).  "[A]ll

6

disputed questions of fact and all uncertainties in the controlling state law must be resolved in favor of the plaintiff." Id.

Fraudulent joinder "does not require an ill motive." Lovell v. Bad Ass Coffee Co. of Haw., Inc., 103 F. Supp. 2d 1233, 1237 (D. Haw. 2000) (citing McCabe, 811 F.2d at 1339); Albi v. St. & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) ("it is universally thought that the motive for joining such a defendant is immaterial"). Rather, the Court's inquiry focuses on whether Defendant PNC has demonstrated that Plaintiffs' claims against the remaining Defendants "obvious[ly]" fail under "settled" Hawaii law. See McCabe, 811 F.2d at 1339. After considering the parties' arguments and Plaintiffs' allegations in the First Amended Complaint, the Court finds that Defendant PNC has met this burden and has shown that Plaintiffs' claims for quiet title and ejectment obviously fail under settled Hawaii law.

Defendant PNC's arguments regarding fraudulent joinder rely on the premise that the Individual Defendants are bona fide purchasers as a matter of law. See ECF No. 19. Based on this premise, Defendant PNC then argues that settled Hawaii law does not permit quiet title and ejectment actions against bona fide purchasers. Id.

As an initial matter, Plaintiffs argue that the Court cannot decide at this stage in the litigation whether the

7

Individual Defendants are bona fide purchasers as a matter of law because that requires an inquiry into the merits of Plaintiffs' claims. The Court rejects this argument. The Ninth Circuit held that a district should not find fraudulent joinder when a "defendant raises a defense that requires searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Grancare, LLC v. Thrower, 889 F.3d 543, 548-49 (9th Cir. 2018) (citing Hunter, 582 F.3d at 1046). Here, no "searching inquiry" is required. Rather, as discussed below, the Court finds that it is obvious from the face of the First Amended Complaint that Plaintiffs fail to state a claim against the Individual Defendants under settled Hawaii law. Contrary to Plaintiffs' assertions, the Court is not required to conduct a searching inquiry into the merits of Plaintiffs' claims.

In addressing the issue of property that has been subject to a wrongful non-judicial foreclosure, the Hawaii Supreme Court recently held that if the property has been sold to subsequent purchasers, who have taken possession of the property and have had possession for some time, the sale is "is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property." Mount v. Apao, 384 P.3d 1268, 1281 (Haw. 2016) (quoting Santiago v. Tanaka, 366 P.3d 612, 633 (Haw. 2016)). Importantly, however, the Hawaii

Supreme Court held that "where the property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy."  Id.

In a recent case, the district court examined a claim under Hawaii law for quiet title.  Seegers v. CIT Bank N.A., No. CV 17-00399 LEK-KSC, 2018 WL 1558550 (D. Haw. Feb. 28, 2018). The court held that "[a] quiet title action cannot be maintained unless the plaintiff plausibly alleges that the property's current owners are non-bona fide purchasers."  Id. at *7; see also Paresa v. HSBC Bank USA, N.A., No. CV 17-00248 DKW-RLP, 2018 WL 4265157, at *6 (D. Haw. Sept. 6, 2018).  In other words, to state a claim under Hawaii law for quiet title, Plaintiffs must plausibly allege that the Individual Defendants are non-bona fide purchasers.  Hawaii law defines a non-bona fide purchaser as "one who does not pay adequate consideration, takes with knowledge that his transferor acquired title by fraud, or buys registered land with full notice of the fact that it is in litigation between the transferor and a third party."  Kondaur Capital Corp. v. Matsuyoshi, 361 P.3d 454, 467 n.27 (Haw. 2015) (citing Akagi v. Oshita, 33 Haw. 343, 347 (1935); Achiles v. Cajigal, 39 Haw. 493, 499 (1952) (alterations omitted)).

Here, Plaintiffs' Complaint does not include any allegations regarding the consideration that the Individual

9

Defendants paid or any allegations regarding pending litigation. Instead, Plaintiffs allege that the Individual Defendants are not bona fide purchasers because they had knowledge that the properties were acquired in violation of law. See ECF No. 1-2 ¶¶ 78, 97. Specifically, Plaintiffs allege that the foreclosure affidavits that were recorded for the Copeland Property and the Latronic Property falsely state that the foreclosure had been conducted in accordance with the mortgage agreement and with state law. Id. ¶¶ 73-75, 92-94. Plaintiffs allege that Defendant PNC's violations were apparent or could be reasonably inferred from the recorded documents in the chain of title. Id. ¶¶ 76-83, 97-101. Plaintiffs allege that the Individual Defendants cannot claim bone fide purchaser status because they had, at a minimum, constructive notice of the defects based on the information contained in the recorded documents in the chain of title, including that the auction was not held on the published date, that there was no posting of a new notice of sale with the actual auction date, and that the notice did not describe the property. Id. ¶¶ 80-83, 99-101.

Similar allegations have been found to be insufficient to plausibly allege that current property owners were non-bona fide purchasers in at least three prior cases in this district. Although these three cases were decided in federal court, Hawaii state law was examined and applied. For example, in Tilley v.

10

Bank of New York Mellon, the plaintiff made similar allegations that the recorded documents provided notice to the subsequent purchasers regarding the mortgagee/bank's alleged wrongdoing.  In rejecting this argument, the court found that "[t]here is nothing on the face of the Foreclosure Affidavit, Notice of Sale, and Mortgage that would have provided the Intervening Defendant with constructive notice of [the bank's] alleged wrongdoing."  No. CV 17-00524 HG-RLP, 2018 WL 1415171, at *13 (D. Haw. Mar. 21, 2018) (granting judgment as a matter of law in favor of subsequent purchaser of property), *appeal dismissed*, No. 18-15733, 2018 WL 5269236 (9th Cir. July 30, 2018).  The district court found that nothing in the recorded documents provided constructive notice to a "reasonably prudent buyer" and that a "finding to the contrary would require all purchasers to have the knowledge and experience of a skilled lawyer . . . [and] go against the public policy that protects good faith bona fide purchasers."  Id. at *14.

    In Seegers v. CIT Bank, N.A., the district court held that the plaintiffs' allegations that the recorded foreclosure affidavit and notice of sale contained information about the bank's alleged wrongdoing fell "far short of providing the factual content necessary to allow the reasonable inference that the Current Owners knew of the alleged wrongdoing."  No. CV 17-00399 LEK-KSC, 2018 WL 1558550, at *6 (D. Haw. Feb. 28, 2018) (granting motion to dismiss the plaintiff's quiet title and

11

ejectment claim).  The court noted that the plaintiffs did not allege that "information about Defendants' alleged wrongdoing was contained within any document that the Current Owners actually read or were obliged to read."  Id.  The court dismissed the claims without prejudice, but held that if the plaintiff wanted to proceed with "the theory that the Current Owners are not bona fide purchasers, then he must plead factual allegations which plausibly demonstrate that the Current Owners colluded with Defendants, were involved in a scheme to wrongfully obtain title from Plaintiff, or had actual knowledge of Defendants' alleged misconduct."  Id. at *9 (internal alterations and citation omitted).

In Lynch v. Bank of New York Mellon, the district court rejected the plaintiff's argument that "mere recordation of a notice of sale or a foreclosure affidavit is sufficient to provide notice to a third party, such as a bona fide purchaser, that a foreclosure was defective."  Civ. No. 17-00195 LEK-RLP, 2017 WL 3568667, *4-*5 (D. Haw. Aug. 15, 2017).  In so holding, the district court cited well-established Hawaii law that a subsequent purchaser "is innocent of any wrongdoing by the grantee if that purchaser lacked knowledge of the wrongdoing."  Id. at *4 (citing Application of Bishop Trust Co., 35 Haw. 816, 825 (1941); Akagi v. Oshita, 33 Haw. 343, 347 (1935); Kanamu v. Park, 6 Haw. 91, 94 (1872); Packaging Prods. Co. v. Teruya Bros.,

12

Ltd., 574 P.2d 524, 528 (Haw. 1978)). The district court concluded that the plaintiffs "fail[ed] to plead factual allegations plausibly linking the [subsequent purchasers] to [the bank's] alleged misconduct" and that the "[c]onclusory assertions in the First Amended Complaint are insufficient to establish that the [subsequent purchasers] had knowledge of [the bank's] alleged wrongdoing." Id. In later proceedings in the Lynch case, the district court determined that the plaintiffs had "just barely" stated a plausible quiet title claim against the subsequent purchasers because the plaintiffs had included additional allegations that the subsequent purchasers had purchased the property at a discounted price. See Lynch v. Bank of New York Mellon, No. CV 17-00195 LEK-RLP, 2018 WL 3624969, at *7–*8 (D. Haw. July 30, 2018). Based on those additional allegations, the court allowed the quiet title claim to proceed past the motion to dismiss stage, but warned that the claim likely would not survive summary judgment without additional factual support. Id.

Viewing Plaintiffs' allegations in light of the applicable authority, the Court finds that Plaintiffs' claims against the Individual Defendants obviously fail under settled Hawaii law. See McCabe, 811 F.2d at 1339. Plaintiffs do not allege that the Individual Defendants colluded with Defendant PNC, were involved in a scheme to wrongfully obtain title from Plaintiffs, or had actual knowledge of Defendant PNC's alleged

13

misconduct.  See Seegers, 2018 WL 1558550, at *9.  Instead, Plaintiffs allege that the Individual Defendants had constructive notice of the defects based on the information contained in the recorded documents in the chain of title.  Like the courts in Lynch, Seegers, and Tilley, this Court finds that these allegations are insufficient to state claim a under Hawaii law.  The Court is unpersuaded by Plaintiffs' reliance on Silva v. Lopez, 5 Haw. 262 (Haw. Kingdom 1884), to suggest that Hawaii law in unsettled as to innocent purchasers.  As noted by Defendant PNC in its Opposition, this 145-year old case did not discuss bona fide purchasers and more recent Hawaii Supreme Court decisions have rejected the proposition that subsequent transfers to bona fide purchasers are void.  See Mount, 384 P.3d at 1281; Santiago, 366 P.3d at 633; see also Hungate v. Law Office of David B. Rosen, 391 P.3d 1, 14 (Haw. 2017) (stating that if "voiding the foreclosure is not possible," the plaintiff is entitled to restitution in a wrongful foreclosure action); Bank of New York Mellon v. R. Onaga, Inc., 400 P.3d 559, 560 (Haw. 2017) (upholding the sale of property to a bona fide purchaser in the context of a challenged judicial foreclosure).

     After considering the parties' arguments and Plaintiffs' allegations in the Complaint, the Court finds that Defendant PNC has met its burden to show that Plaintiffs' claims for quiet title and ejectment obviously fail under settled Hawaii

law.  Because the Court finds that Plaintiffs' claims fail, the Court need not address Defendant PNC's alternative arguments regarding statute of limitations.  See ECF No. 19 at 35-44.  The Court FINDS that Defendant PNC has shown that there is no possibility that Plaintiffs can state a cause of action against the Individual Defendants.  Accordingly, the Court RECOMMENDS that Plaintiffs' Motion for Order of Remand be DENIED.

## CONCLUSION

The Court FINDS that Defendant PNC properly removed this action and RECOMMENDS that the district court DENY Plaintiffs' Motion for Order of Remand.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 29, 2019.



_____
Richard L. Puglisi
United States Magistrate Judge


**COPELAND, ET AL. V. PNC BANK, N.A., ET AL.; CIVIL NO. 19-00029 JAO-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ORDER OF REMAND**