IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DOUGLAS NEWTON COPELAND, )     CIVIL NO. 19-00029 JAO-WRP
et al.,                    )
                           )     ORDER MODIFYING FINDINGS AND
        Plaintiffs,        )     RECOMMENDATION TO DENY
                           )     PLAINTIFFS' MOTION FOR ORDER
    vs.                    )     OF REMAND
                           )
PNC BANK, N.A., A NATIONAL )
BANKING ASSOCIATION, et al.,)
                           )
        Defendants.        )
_____ )

ORDER MODIFYING FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR ORDER OF REMAND

        Before the Court is Plaintiffs Douglas Newton Copeland, Cerilene Tacderan

Copeland, and Kaleimaeole Nola Lindsey Latronic's (collectively "Plaintiffs")

Objections to Magistrate-Judge's April 29, 2019 Findings and Recommendation to

Deny Plaintiffs' Motion for Order of Remand [ECF 21].  ECF No. 23.  After

careful consideration of the Magistrate Judge's Findings and Recommendation to

Deny Plaintiffs' Motion for Order of Remand ("F&R"), ECF No. 21, the parties'

submissions, and the applicable law, the Court MODIFIES the F&R for the

reasons set forth below.

## BACKGROUND

The instant action arises out of the allegedly wrongful foreclosures of Plaintiffs' properties. Plaintiffs commenced this action on December 11, 2018 in the Circuit Court of the Third Circuit, State of Hawaiʻi. The Complaint asserts the following causes of action: (1) wrongful deprivation of real property (Count I); (2) unfair and deceptive trade practices and unfair methods of competition under H.R.S. Chapter 480 (Count II); and (3) quiet title and ejectment against Defendants David Shishikin ("David"); Anna V. Shishikin ("Anna"); Vyacheslav Tkach ("Vyacheslav"); Alla Tkach ("Alla"); Mortgage Electronic Registration Systems ("MERS"), Inc.; Caliber Home Loans, Inc. ("CHL"); May Lee ("Lee"), individually and as Trustee of the May Ming-Wah Lee Revocable Living Trust Dated May 2, 2002 ("the Trust"); and DHI Mortgage Company, Ltd. ("DHI") (Count III).[1]

On January 18, 2019, Defendant PNC Bank N.A. ("PNC") removed this action on the basis of diversity jurisdiction. Notice of Removal ("Notice"), ECF No. 1 at ¶ 12. PNC argues that the citizenships of the Shishikins; the Tkachs; Lee,

---

[1] In resolving Plaintiffs' Objections to the F&R, only those allegations pertaining to Count III are relevant.

individually and as Trustee of the Trust; MERS; and CHL[2] may be disregarded because they were fraudulently joined. *Id.* at ¶¶ 14-15. Following removal, Plaintiffs filed a Motion for Order of Remand ("Remand Motion"). ECF No. 7.

In the F&R, the Magistrate Judge recommended that Plaintiffs' Remand Motion be denied. F&R, ECF No. 21 at 15. The F&R contained the following findings:

(1) [I]t is obvious from the face of the [] Complaint that Plaintiffs fail to state a claim against the Individual Defendants under settled Hawaii law. Contrary to Plaintiffs' assertions, the court is not required to conduct a searching inquiry into the merits of Plaintiffs' claims. *Id.* at 8.

(2) Viewing Plaintiffs' allegations in light of the applicable authority, the Court finds that Plaintiffs' claims against the Individual Defendants obviously fail under settled Hawaii law. See McCabe, 811 F.2d at 1339. Plaintiffs do not allege that that the Individual Defendants colluded with Defendant PNC, were involved in a scheme to wrongfully obtain title from Plaintiffs, or had actual knowledge of Defendant PNC's alleged misconduct. *Id.* at 13-14.

(3) After considering the parties' arguments and Plaintiffs' allegations in the Complaint, the Court finds that Defendant PNC has met its burden to show that Plaintiffs' claims for quiet title and ejectment obviously fail under settled Hawaii law. *Id.* at 14-15.

---

[2] Although DHI was named as a Defendant in the body of the Complaint and in the heading for Count III, Plaintiffs did not include DHI as a Defendant in the caption. PNC surmises that DHI's inclusion was the result of a drafting error. Notice, ECF No. 1 at 7 n.3.

The Magistrate Judge ultimately concluded that "PNC has shown that there is no possibility that Plaintiffs can state a cause of action against the Individual Defendants." *Id.* at 15.

On May 13, 2019, Plaintiffs filed Objections to the F&R. ECF No. 23. PNC filed a Response on May 28, 2019. ECF No. 25.

## LEGAL STANDARD

The Court treats a motion to remand as a dispositive motion. *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008); *Bralich v. Sullivan*, No. CV 17-00203 ACK-RLP, 2017 WL 4883221, at *4 (D. Haw. Oct. 30, 2017). Magistrate judges may be assigned to prepare findings and recommendations of pretrial matters dispositive of a claim or defense. Fed. R. Civ. P. 72(b)(1). Parties may object to a magistrate judge's findings and recommendation. *Id.*; Local Rule 74.2. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; 28 U.S.C. § 636(b)(1). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*,

561 F.3d 930, 933 (9th Cir. 2009) (alteration in original); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

ANALYSIS

Plaintiffs object to the F&R on the following grounds: (1) the Magistrate Judge did not mention the common defense rule set forth in *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009); (2) the Magistrate Judge did not mention *Jebo v. Aurora Loan Services LLC* or *In re Ho*, which together show that the question of whether the deeds are "void and not merely voidable" is unsettled; and (3) the Magistrate Judge erroneously rejected Plaintiffs' argument that the Court cannot decide whether the individual Defendants are bona fide purchasers at this stage in the litigation because that requires an inquiry into the merits of the case.[3] Objections, ECF No. 23 at 12-35.

PNC counters that: (1) the Magistrate Judge correctly declined to apply the common defense exception to fraudulent joinder; (2) *Silva v. Lopez*, 5 Haw. 262 (Haw. Kingdom 1884), does not mandate that defective nonjudicial foreclosures

---

[3] The Court considers Plaintiffs' petty remarks, arguably designed to disparage the Magistrate Judge, to be unprofessional. *See, e.g.*, Objections, ECF No. 23 at 2 n.2 ("This is not the first time that this Magistrate [Judge] has overlooked law in ruling against the mortgagors and their counsel in similar cases."); *see also id.* at 3 n.3 ("This is not the first time that this Magistrate [Judge] has overlooked law in ruling against the mortgagors in similar cases."). Court briefing should not be utilized by counsel to attacks judges merely because counsel disagree with a ruling. Moreover, rulings by the Magistrate Judge in different cases based on distinguishable circumstances have no bearing on the issues before the Court.

are considered void even as against innocent purchasers; (3) the Magistrate Judge correctly concluded that Plaintiffs failed to offer any imaginable basis for challenging the innocence of the subsequent purchasers of the subject properties; and (4) Plaintiffs' arguments founded upon Nevada and Mississippi law are inapplicable, distinguishable, and ultimately irrelevant. Response at 1-2.

The Court finds it unnecessary to evaluate many of the arguments raised in the Objections and Response because they are irrelevant to the fraudulent joinder determination.

A. Removal Jurisdiction

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in

favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter*, 582 F.3d at 1042.

B. Diversity of Citizenship

PNC asserted diversity jurisdiction as the basis for removal. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Moreover, actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

Here, complete diversity is lacking, and the citizenships of several parties are unknown.  Plaintiffs are citizens of Hawaiʻi.  Notice, ECF No. 1-2 at ¶¶ 3-5.  PNC is a citizen of Delaware, where it maintains it principal office.  Notice, ECF No. 1 at ¶ 12; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006) ("A national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014).  The Shishikins and Lee, individually and as Trustee of the Trust, are citizens of Hawaiʻi.  Notice, ECF No. 1-2 at ¶¶ 7-8, 14; *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.").  The Tkachs' citizenships are unknown.  Notice, ECF No. 1-2 at ¶¶ 9-10.  PNC identified MERS and CHL as Delaware corporations but did not provide their complete citizenship.  28 U.S.C. § 1332(c)(1) (Corporations are deemed to be citizens of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").  Finally, assuming Plaintiffs intended to include DHI as a Defendant, PNC represented that Plaintiffs identified DHI as a Texas citizen.  Notice, ECF No. 1 at 7 n.3.  Plaintiffs did not provide DHI's citizenship; they merely identified DHI as a limited partnership organized and existing under the laws of Texas that is and was doing business in Hawaiʻi.  Notice, ECF No. 1-2 at ¶ 15.  None of these

allegations speak to DHI's citizenship, as a partnership shares the citizenship "of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899.

## C. Fraudulent Joinder

PNC acknowledges that complete diversity is lacking[4] but contends that the non-diverse Defendants' citizenships may be disregarded because Plaintiffs fraudulently joined all Defendants other than PNC. An exception to the requirement for complete diversity exists when a non-diverse defendant was fraudulently joined. *Hunter*, 582 F.3d at 1043. The Ninth Circuit "has explained that under the fraudulent-joinder doctrine, '[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Morris*, 236 F.3d at 1067; *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alterations in original) (internal quotations omitted).

Removing defendants may "present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)

---

[4] Not only is complete diversity lacking, PNC addressed but did not identify the *citizenships* of all parties. Given the ultimate disposition of the issues before the Court, this deficiency is of no consequence.

(quoting *McCabe*, 811 F.2d at 1339); *Morris*, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citations omitted). There is, however, a "general presumption against fraudulent joinder," which must be proven by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant asserting fraudulent joinder bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1046.

The fraudulent joinder test is not equivalent to the test used to assess the sufficiency of a claim under Rule 12(b)(6). *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Conflating the two enmeshes a "jurisdictional inquiry with an adjudication on the merits." *Id.* "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citations omitted). This standard "accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any

doubt as to the right of removal in the first instance.'" *Id.* at 550 (quoting *Gaus*, 980 F.2d at 566).

"If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined." *Id.* That said, even a failure to state a claim under Rule 12(b)(6) does not necessarily mean that a plaintiff fraudulently joined a defendant. *Id.* at 549. In such instances, the district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. And "if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants,'" *id.* at 549 (quoting *Hunter*, 582 F.3d at 1046) (alteration in original) (citation omitted), the district court "must find that a defendant was properly joined and remand the case to state court." *Id.*

1.  Plaintiffs Did Not Fraudulently Join the Non-Diverse Defendants

Plaintiffs assert claims for quiet title and ejectment against the non-diverse Defendants.[5] Reasoning that "Plaintiffs do not allege that the Individual Defendants colluded with Defendant PNC, were involved in a scheme to wrongfully obtain title from Plaintiffs, or had actual knowledge of Defendant

---

[5] Based on the record before it, the Court cannot identify with certainty all Defendants that are non-diverse. At a minimum, the Shishikins and Lee, individually and as Trustee for the Trust, are non-diverse.

PNC's alleged misconduct," the Magistrate Judge concluded that Plaintiffs' claims for quiet title and ejectment obviously fail under settled Hawai'i law. F&R, ECF No. 21 at 14. Considering the applicable legal standards and the strong presumption against removal jurisdiction, the Court reaches a different conclusion than the Magistrate Judge and finds that PNC has failed to establish fraudulent joinder by clear and convincing evidence.

a. Bona Fide Purchaser

PNC argues that Plaintiffs' quiet title and ejectment claims obviously fail under Hawai'i law because the non-diverse Defendants are bona fide or innocent purchasers who are protected even when foreclosures are "void." Notice, ECF No. 1 at ¶ 19; Response, ECF No. 25 at 11. The Court disagrees because Hawai'i law is not as concrete as PNC suggests, and a factual question remains regarding the non-diverse Defendants' status as bona fide purchasers.

"In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the defendant to make any showing." *Ka'Upulehu Land LLC v. Heirs & Assigns of Pahukula*, 136 Hawai'i 123, 137, 358 P.3d 692, 706 (2015) (citation and quotations omitted). The plaintiff is not required to "have perfect title to establish a prima facie case, [but] he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants." *Id.* (citation and quotations omitted).

Under Hawaiʻi law, "[w]here it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property." *Santiago v. Tanaka*, 137 Hawaiʻi 137, 158, 366 P.3d 612, 633 (2016). When a "property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy." *Mount v. Apao*, 139 Hawaiʻi 167, 180, 384 P.3d 1268, 1281 (2016) (quoting *Santiago*, 137 Hawaiʻi at 158, 366 P.3d at 633).

A bona fide purchaser is "one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." *Bank of New York Mellon v. R. Onaga, Inc.*, 140 Hawaiʻi 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (quoting *Kaʻu Agribusiness Co. v. Heirs or Assigns of Ahulau*, 105 Hawaiʻi 182, 193, 95 P.3d 613, 624 (2004) (quotations omitted); *Kondaur Capital Corp. v. Matsuyoshi*, 136 Hawaiʻi 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015) (A bona fide purchaser is "one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties."). By contrast, a "non-bona fide purchaser is one who does not pay adequate

consideration, 'takes with knowledge that his transferor acquired title by fraud[,] or

. . . buys registered land with full notice of the fact that it is in litigation between

the transferor and a third party.'" *Konadur*, 136 Hawai'i at 240 n.27, 361 P.3d at

467 n.27 (quoting *Akagi v. Oshita*, 33 Haw. 343, 347 (1935); *Achiles v. Cajigal*, 39

Haw. 493, 499 (1952)) (alteration in original).

To support his findings, the Magistrate Judge relied on cases from this

district[6] and determined that in order to state a claim for quiet title under Hawai'i

law, Plaintiffs "must plausibly allege that the [non-diverse] Defendants are non-

bona fide purchasers." F&R, ECF No. 21 at 9; *see also id.* at 10 (noting that

judges in this district found allegations similar to those presented by Plaintiffs were

insufficient to plausibly allege that the non-diverse Defendants were non-bona fide

---

[6] The present dispute is not governed by the standards against which the district judges evaluated the plaintiffs' claims in those cases. *See, e.g.*, *Seegers v. CIT Bank N.A.*, No. CV 17-00399 LEK-KSC, 2018 WL 1558550, at *7-9 (D. Haw. Feb. 28, 2018) (dismissing quiet title claim for failing to *plausibly* state a claim under *Iqbal* because the plaintiff did not allege that the current owners were non-bona fide purchasers, *but granting leave to amend*); *Paresa v. HSBC Bank USA, N.A.*, No. CV 17-00248 DKW-RLP, 2018 WL 4265157, at *4-6 (D. Haw. Sept. 6, 2018) (granting *summary judgment* because the plaintiff failed to establish the basic elements of a quiet title claim); *Tilley v. Bank of New York Mellon*, No. CV 17-00524 HG-RLP, 2018 WL 1415171, at *13-14 (D. Haw. Mar. 21, 2018) (granting *judgment on the pleadings* as to the issue of whether the intervening defendant was a non-bona fide purchaser); *Lynch v. Bank of New York Mellon*, Civ. No. 17-00195 LEK-RLP, 2017 WL 3568667, at *4-5 (D. Haw. Aug. 15, 2017) ("*Lynch I*") (dismissing quiet title claim because the plaintiffs failed to state a *plausible* claim for relief by merely concluding that the defendants were not bona fide purchasers, but *granting leave to amend*).

purchasers).  But, the salient inquiry is whether there is a *possibility* that the *state court* would find that Plaintiffs articulate quiet title and ejectment claims against any of the non-diverse Defendants.  *Grancare*, 889 F.3d at 549.  In Hawaiʻi state courts, plausibility is not the applicable standard.[7]

The Hawaiʻi Supreme Court has rejected the plausibility pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Bank of Am., N.A. v. Reyes-Toledo*, 143 Hawaiʻi 249, 252, 428 P.3d 761, 764 (2018).  Rather, a "notice" pleading standard applies in state courts, *id.,* and such standard is more relaxed:

> [U]nder [Hawaiʻi] Rule [of Civil Procedure] 8(a)(1) a complaint is sufficient if it sets forth a short and plain statement of the claim showing that the pleader is entitled to relief . . . The rule is satisfied if the statement gives the defendant fair notice of the claim and the ground upon which it rests. . . . It is not necessary to plead under what particular law the recovery is sought. . . .
>
> . . . .

---

[7] Even with the application of the more stringent plausibility standard, a quiet title claim has withstood dismissal.  *See, e.g.*, *Lynch v. Bank of New York Mellon*, No. CV 17-00195 LEK-RLP, 2018 WL 3624969, at *7 (D. Haw. July 30, 2018) ("*Lynch II*") (holding that "[i]t is a close question whether Plaintiffs have stated a plausible basis for their position that their title is superior to the Paynes' title. . . . . at the motion to dismiss stage, when this Court must assume Plaintiffs' factual allegations to be true, Plaintiffs have pled—albeit just barely—sufficient factual allegations to support a plausible quiet title claim against the Paynes.  Plaintiffs must be allowed to proceed with discovery to try to obtain evidence to prove, and strengthen, their factual allegations").

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . Though it may be improbable for the plaintiffs to prove their claims, they are entitled to an opportunity to make that attempt.  It is not for a court to circumvent a determination of an action upon the merits of the case by accepting an assertion that the claim asserted in the complaint is groundless.

*Id.* at 258 (quoting *Hall v. Kim*, 53 Haw. 215, 218, 491 P.2d 541, 544 (1971)) (internal quotations omitted).

In pertinent part, Plaintiffs allege that:  (1) because the non-diverse Defendants are not bona fide purchasers, even if the subject deeds are merely voidable, Plaintiffs may elect to declare the sales and conveyances void, Compl., ECF No. 1-2 at ¶¶ 79, 98; (2) the non-diverse Defendants had constructive notice that the subject properties were sold without fulfilling conditions for a lawful sale because the violations were apparent or could be reasonably inferred from the Foreclosure Affidavit, *id.* at ¶¶ 76, 95; (3) the subject deeds were void *ab initio* because one cannot convey what it does not have and alternatively, the subject deeds are at least voidable, *id.* at ¶¶ 77, 96; (4) the non-diverse Defendants had constructive notice of the publicly recorded documents in their chain of title, including the recorded Foreclosure Affidavit and the terms of sale in the recorded Notice of Sale, and they knew or should have known that there was a break in the chain of title because although the Copelands were the owners of record before

PNC, there was no deed from the Copelands to PNC, *id.* at ¶¶ 80, 99; (5) the recordation of the Affidavit of Sale constituted constructive notice to the non-diverse Defendants of the multiple deficiencies with the foreclosure process and thus, they cannot claim bona fide purchaser status, *id.* at ¶¶ 81, 100; and (6) Plaintiffs are entitled to have their property returned to them because PNC failed to strictly comply with Hawai'i Revised Statutes ("HRS") §§ 667-5 *et seq.* and the power of sale in the Mortgage, which caused the non-judicial foreclosure sale and transfer of the property to PNC to be void as a matter of law, or at least voidable, as well as all subsequent transfers to non-bona fide purchasers. *Id.* at ¶¶ 83, 102.

Hawai'i's notice pleading standard—that the plaintiff provide the defendant with fair notice of the claim and the ground upon which it rests—requires far less than the allegations presented by Plaintiffs. Based on the available authority (and lack of governing Hawai'i appellate court decisions), the Court cannot say that these allegations obviously fail according to settled Hawai'i law. The sufficiency of Plaintiffs' allegations ultimately turns on whether the non-diverse Defendants are bona fide purchasers, which Plaintiffs disclaim in the Complaint.[8]

---

[8] The parties also dispute whether the wrongful nonjudicial foreclosures are void or voidable. That question also turns on whether the non-diverse Defendants are bona fide purchasers because PNC argues that bona fide purchasers would be protected even if the foreclosures were void. For the reasons explained above, such an inquiry would necessitate consideration of the merits, which precludes a finding of fraudulent joinder.

PNC has not pointed to single Hawaiʻi appellate decision that squarely rejects Plaintiffs' theory that the recordation of the Notices of Sale and Foreclosure Affidavits provided the non-diverse Defendants with notice that the foreclosures were defective and/or that there were breaks in the chains of title. The viability of Plaintiffs' allegations requires an inquiry into the non-diverse Defendants' bona fide purchaser status, which is an affirmative defense. *Lynch II*, 2018 WL 3624969, at *7 (citing *Iwamoto v. Hironaga*, No. 30302, 2011 WL 3808780, at *4 (Hawaiʻi Ct. App. Aug. 30, 2011)). The Ninth Circuit has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49; *Hunter*, 582 F.3d at 1045 (citation omitted) (finding that a preemption defense requires an inquiry into the merits of the plaintiff's claims and it therefore "cannot be said that the plaintiff's failure to state a claim against the resident defendant is 'obvious according to the settled rules of the state'"). The merits of Plaintiffs' claims are not before the Court at this stage.

Where, as here, the Court finds that there is a *possibility* a Hawaiʻi state court would find that Plaintiffs state quiet title and ejectment claims against the

non-diverse Defendants,[9] the Court "must find that [the non-diverse Defendants] w[ere] properly joined and remand the case to state court." *Grancare*, 889 F.3d at 549. Accordingly, the Court concludes that PNC has not established fraudulent joinder, much less by clear and convincing evidence. Absent a finding of fraudulent joinder, complete diversity is lacking, and the Court is without subject matter jurisdiction.

b. <u>Statute of Limitations</u>

PNC also argues that Lee, individually and as Trustee of the Trust, was fraudulently joined because the claims against her and the Trust are time barred under the applicable six-year statute of limitations. Notice, ECF No. 1 at ¶ 16. Plaintiffs contend that HRS § 657-3's twenty-year statute of limitations applies to actions to recover real property. The Magistrate Judge did not consider the statute of limitations arguments because he concluded that Plaintiffs could not state a cause of action against the non-diverse Defendants. F&R, ECF No. 21 at 15.

Unlike defenses that pertain to the merits of a plaintiff's claims, "the statute of limitations defense is a permissible means by which to establish fraudulent joinder in order to remove an action on diversity grounds. . . . [because it] is a

---

[9] Even if Plaintiffs failed to state a claim under Rule 12(b)(6), the Court would have to consider whether any deficiency could be cured by amendment of the pleadings. *Grancare*, 889 F.3d at 550.

'rather unique' defense that 'does not truly go to the merits of the plaintiff's claim in any sense.'" *Hunter*, 582 F.3d at 1045 (citation omitted). It is akin to a procedural bar and does not relate to the merits of the case. *Id.* (citation omitted). Although a statute of limitations defense can generally establish fraudulent joinder, the defense fails under the circumstances of this case. Hawaiʻi law remains unsettled as to which statute of limitations would govern Plaintiffs' quiet title and ejectment claims. Without governing authority indicating that the quiet title and ejectment claims against Lee, individually and as Trustee for the Trust, are barred by the six-year statute of limitations, there is a *possibility* a Hawaiʻi state court would find that the twenty-year statute of limitations applies. And because the Court also evaluates this question under a notice pleading standard, PNC's fraudulent joinder argument based on a statute of limitations defense fails.

PNC relies on two cases from this district—*Moore v. Kailua Kona Properties, LLC*, No. CV 18-00159 LEK-KSC, 2018 WL 2172489, at *1 (D. Haw. May 10, 2018) and *Lynch II*—for the proposition that quiet title and wrongful foreclosure claims are subject to a six-year statute of limitations.[10] Notice, ECF

---

[10] *Moore*, 2018 WL 2172489, at *2 (emphasis added) ("Plaintiff's quiet title claim is *likely* subject to a six-year statute of limitations, pursuant to Haw. Rev. Stat. § 657-1(4)."); *Lynch II*, 2018 WL 3624969, at *6 ("It is not clear what statute of limitations period applies to a quiet title claim arising from an alleged wrongful foreclosure.").

No. 1 at ¶ 16.  As already explained above, PNC's reliance on case law from this district is unavailing.  Interpretations and/or predictions by judges within this district, while instructive, do not constitute settled Hawaiʻi law.  Even where the court made predictions based on its interpretation of Hawaiʻi law, it acknowledged that the statute of limitations issue remained unsettled under Hawaiʻi law.  *See, e.g., Carpenter v. PNC Bank, N.A.*, No. CV 19-00056 LEK-RT, 2019 WL 2218983, at *8 (internal citations omitted) (D. Haw. May 22, 2019) ("This Court, noting the lack of controlling authority, has predicted the Hawaiʻi Supreme Court would hold that a six-year limitations period applies to wrongful foreclosure claims pursuant to Haw. Rev. Stat. § 657-1(1) . . . There is, however, no settled Hawaiʻi law regarding the statute of limitations for a wrongful foreclosure claim."); *Lynch II*, 2018 WL 3624969, at *6 ("Looking at the nature of Plaintiffs' quiet title claims, at a minimum, the § 657-1(1) six-year statute of limitations would apply for similar reasons that statute of limitations applies to Plaintiffs' wrongful foreclosure claim.  However, it is possible that a longer limitations period, such as the § 657-31 twenty-year period, may apply.").

As with the viability of the quiet title and ejectment claims, there is an absence of *settled* Hawaiʻi law establishing that a six-year, versus a twenty-year, statute of limitations period applies to Plaintiffs' claims.  Consequently, the Court

rejects PNC's argument that Lee, individually and as Trustee for the Trust, was fraudulently joined.

2. Common Defense Exception to Fraudulent Joinder

Plaintiffs object to the Magistrate Judge's failure to address the common defense rule set forth in *Hunter*, which Plaintiffs claim is dispositive of their Remand Motion. Because the Court has already determined that the non-diverse Defendants were not fraudulently joined, it need not reach this argument.

D. Attorneys' Fees and Costs

In their Remand Motion, Plaintiffs requested an award of fees and costs pursuant to 28 U.S.C. § 1447(c). The Magistrate Judge did not address fees and costs because he recommended that the Remand Motion be denied. Plaintiffs did not reassert the request in their Objections. Even if they had, the Court would deny any such request. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). The district court retains discretion to determine

whether a given case presents unusual circumstances that warrant a departure from this rule. *Id.* The *Martin* Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* Under the circumstances of this case, the Court declines to award attorneys' fees and costs under § 1447(c) because PNC did not lack an objectively reasonable basis for seeking removal. Although the Court has concluded that PNC failed to establish fraudulent joinder, it had a basis to argue that Plaintiffs could not state claims for quiet title and ejectment. The Court therefore denies an award of fees and costs.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY MODIFIES the Findings and Recommendation to Deny Plaintiffs' Motion for Order of Remand, ECF No. 21, and REMANDS this action to the Circuit Court of the Third Circuit, State of Hawai'i.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai‘i, June 28, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00029 JAO-WRP; *COPELAND V. PNC BANK, N.A.*; ORDER MODIFYING FINDINGS
AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ORDER OF REMAND

24